
DA 07-0765

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 347N

IN RE THE MARRIAGE OF

SHARON K. DAILEY,

      Petitioner and Appellant,

   v.

VON A. DAILEY,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR 2006-115
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Sharon K. Dailey (Self-Represented Litigant), Florence, Montana

      For Appellee:

      Von A. Dailey (Self-Represented Litigant), Florence, Montana

Submitted on Briefs:  September 24, 2008

Decided:  October 16, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Sharon Dailey appeals the Twenty-First Judicial District Court's judgment of dissolution. We affirm.

¶3    A restatement of the dispositive issue on appeal is whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are correct.

¶4    Sharon and Von Dailey were married in Montana in April 1987. The couple had two children, one of whom was emancipated prior to June 2006 when Sharon petitioned for marital dissolution. In January 2007, the parties entered into a Marital and Property Settlement Agreement and Parenting Plan. Both parties and their respective attorneys signed this Agreement. Subsequently, Sharon fired her attorney and represented herself during the remainder of the District Court proceedings. In September 2007, Sharon filed a petition to amend the property settlement alleging unconscionability on the part of her former attorney and Von. The District Court denied the petition. Subsequently, Von's attorney withdrew and Von acted pro se before the District Court. The District Court conducted a status hearing on December 5, 2007, at which both parties appeared and testified. Sharon again requested amendment of the marital settlement agreement. The

District Court ruled from the bench at the close of the hearing that the marriage was irretrievably broken and ordered it dissolved. The court also approved the Settlement Agreement and incorporated it into the Final Decree. On December 6, 2007, the District Court entered its Findings of Fact, Conclusions of Law and Final Decree of Dissolution. Sharon appeals. Both parties represented themselves before this Court on appeal.

¶5 In a dissolution proceeding, we review a district court's findings of fact to determine whether the district court clearly erred. *In re Marriage of Denowh ex rel. Deck*, 2003 MT 244, ¶ 10, 317 Mont. 314, ¶ 10, 78 P.3d 63, ¶ 10. We review a court's legal conclusions for correctness. *In re Marriage of Thorner*, 2008 MT 270, ¶ 21, 345 Mont. 194, ¶ 21, 190 P.3d 1063, ¶ 21.

¶6 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record that the District Court's findings of fact are not clearly erroneous nor are its conclusions based on those findings incorrect. Furthermore, the court did not abuse its discretion in approving the property settlement agreement as drafted and executed by the parties. Von's request for damages is denied.

¶7 We affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS